UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

13 CV 4126

Index No. _____

LATONYA WHITLEY,

Plaintiff,

--against--

MONTEFIORE MEDICAL GROUP

Defendant.

**COMPLAINT AND JURY DEMAND**



Latonya Whitley, by her attorney, John M. Lambros, respectfully alleges as follows:

## NATURE OF THE ACTION

1.  This is an employment discrimination and civil rights action against defendant Montefiore Medical Group ("Montefiore") seeking redress for violations of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), 42 U.S.C. § 1981, and the New York City Human Rights Law (New York City Administrative Code §§ 8-101 *et seq.* ("NYCHRL")).

2.  Plaintiff resides in Bronx, New York. She worked as a Grade 4C Patient Service Representative for Montefiore. During Plaintiff's six years with Montefiore, she capably did her job and received seven "Faces of Respect" awards and one "Customer Service Excellence award." Plaintiff was one of the few African-Americans in her department, and she was both harassed and discriminated against

by her supervisors and co-workers. Plaintiff now brings this action to seek redress for the injuries she has suffered as a result of defendant's violations of federal and local anti-discrimination laws.

## JURISDICTION AND VENUE

3. This Court has original subject matter jurisdiction over the Title VII and 42 U.S.C. § 1981 claims because they arise under the laws of the United States, 28 U.S.C. § 1331. It also has jurisdiction over the Title VII Claim under 28 U.S.C. § 1343 because plaintiff seeks to recover damages for the deprivation of equal rights.

4. This Court has supplemental subject-matter jurisdiction over the NYCHRL claims because they arise from a common nucleus of operative facts with the federal claim and are so related to the federal claim as to form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this judicial district under 28 U.S.C. § 1391 (b) and (c) and 42 U.S.C. § 2000e-5(f)(3), because defendant has an office, conducts business, and can be found in this district, and the causes of action arose and the acts and omissions complained of occurred here.

## ADMINISTRATIVE PREREQUISITES

6. Plaintiff has satisfied all administrative prerequisites to commencing this action.

## PARTIES

7. At all times relevant to this action, Plaintiff has resided in Bronx, New York

8. Upon information and belief, Montefiore's principal place of business is Bronx, NY.

9. Upon information and belief, Plaintiff employs more than 20 persons in each of 20 or more calendar weeks in the current or preceding calendar year and meets the definition of "employer" under all applicable statutes

10. During all relevant times herein, Plaintiff was an employee of the defendant (as that term is defined by Title VII) and a "Person" (as that term is defined by N.Y.C. Admin. Code § 8-102(1)).

## FACTUAL ALLEGATIONS

11. Plaintiff worked for Montefiore Medical Group since October 3, 2005. Claimant was hired as a "Grade 4C-Patient Service Representative." During her six years with Respondent, Plaintiff has received seven "Faces of Respect" awards and one "Customer Service Excellence" award from Montefiore. In 2008, Plaintiff sought a promotion to "5C-Senior Clerk." Mr. Lawrence Martin and Dr. Ronald Dudek, who decided that they wanted a Hispanic instead of an African-American to occupy the position, violated Montefiore's internal policies and placed a new hire into the "5C-Senior Clerk" position. During the subsequent union grievance, Mr. Martin slandered Plaintiff's character. Plaintiff prevailed during the hearing, but Mr. Martin did not allow Plaintiff to return to the GYN unit, instead placing her in "Adult Medicine." Adult Medicine had its own 5C, thereby denying Plaintiff the promotion she had won during the grievance procedure.

12. In 2009, Plaintiff became pregnant and was due on October 1, 2009. Plaintiff returned from maternity leave on or around May 19, 2010 and continued to dedicate herself to the clinic's and client's needs. On December 13, 2010, Plaintiff was offered the position of Administrative Supervisor. This made her responsible for Adult Medicine and OBGYN. It soon became clear that Mr. Martin had a problem with the fact that Plaintiff was one of the few African-American supervisors at Montefiore. Two defiant associates would use the "N" word constantly. Plaintiff brought this to Ms. Deburra's attention (an individual who worked with Martin) and her solution was to take one dollar from each associate every time they used the "N" word. If they did not say it for the rest of the week, she would refund the money. Plaintiff asked that these two associates be transferred from her area. Her request was denied.

13. Subsequently, Mr. Martin continued his harassment. On or around August 9, 2011, Plaintiff contacted Martin's supervisor, Jorge Rodriguez, and made him aware of the racial harassment she was experiencing. Mr. Rodriguez indicated that he would get to the bottom of the situation. Plaintiff also contacted Human Resources. On or around August 10, 2011, Plaintiff met with Tisa Hall of Human Resources. Ms. Hall informed Plaintiff that she could be moved, but that she would not keep either her salary or seniority. Plaintiff was informed that she should leave her position until another position could be found.

14. Larry Martin informed Plaintiff that she had to find another position. Martin's supervisors indicated that they were looking to find Plaintiff a new

position. Plaintiff was advised that she would keep neither her salary nor seniority. Plaintiff waited, out of work, for Montefiore to contact her. On September 8, 2011, Plaintiff applied for unemployment benefits because she was out of work. Dr. Martin then fired Plaintiff because she allegedly improperly sought unemployment benefits. Upon investigation, however, Plaintiff was found "not guilty" of any misconduct. Mr. Martin also lied in his letter when he falsely asserted that Plaintiff was receiving disability checks. Plaintiff again prevailed during the Department of Labor's Investigation. Defendant unsuccessfully used these incidents to terminate Plaintiff because of racial animus.

15. But for Mr. Martin's racism, preference for Hispanics, and discrimination against an African-American, Plaintiff would have her job at the 5C level. Notably, Plaintiff never received an office or personalized "PC" to carry out her full supervisory role.

### FIRST AND SECOND CAUSES OF ACTION
DISCRIMINATION BASED ON RACE
IN VIOLATION OF TITLE VII AND 42 U.S.C. § 1981

16. Plaintiff realleges and incorporates by reference all the preceding paragraphs.

17. By the acts and practices described above, defendant has discriminated against Plaintiff in the terms and conditions of her employment based on her race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* and 42 U.S.C. § 1981.

18. Defendant knew that its actions constituted unlawful discrimination and showed willful and/or reckless disregard for Plaintiff's statutorily protected rights.

19. Defendant's willful actions described above directly and proximately have caused, and continue to cause, Plaintiff to suffer loss of income and other financial benefits, a loss of future professional opportunities and future income, emotional distress, anguish, pain and suffering.

### THIRD CAUSE OF ACTION
DISCRIMINATION BASED ON RACE
IN VIOLATION OF THE NEW YORK CITY HUMAN RIGHTS LAW

20. Plaintiff realleges and incorporates by reference all the preceding paragraphs.

21. By the acts and practices described above, defendant has discriminated against Plaintiff in the terms and conditions of her employment on the basis of her race in violation of the New York City Human Rights Law, New York City Administrative Code § 8-107(1).

22. Defendant knew that their actions constituted unlawful discrimination and showed willful and/or reckless disregard for Plaintiff's statutorily protected rights.

23. Defendants' willful actions described above directly and proximately have caused, and continue to cause, Plaintiff to suffer loss of income and other financial benefits, a loss of future professional opportunities and future income, emotional distress, anguish, pain, and suffering.

## FOURTH CAUSE OF ACTION
RACIAL HARASSMENT
IN VIOLATION OF THE NEW YORK CITY HUMAN RIGHTS LAW

24. Plaintiff realleges and incorporates by reference all the preceding paragraphs.

25. By the acts and practices described above, defendant has racially harassed Plaintiff in violation of the New York City Human Rights Law, New York City Administrative Code § 8-107(1).

26. Plaintiff is subjected to constant and severe racial harassment, including constant use of the "N" word and severe hostility based on her race.

27. Defendant's willful actions described above directly and proximately have caused, and continue to cause, plaintiff to suffer loss of income and other financial benefits, a loss of future professional opportunities and future income, emotional distress, anguish, pain, and suffering.

## FIFTH AND SIXTH CAUSES OF ACTION
RACIAL HARASSMENT IN VIOLATION OF TITLE VII AND 42 U.S.C. § 1981

28. Plaintiff realleges and incorporates by reference all the preceding paragraphs.

29. Plaintiff is subjected to constant and severe racial harassment, including constant use of the "N" word and severe hostility based on her race.

30. Defendant knew that its actions constituted unlawful harassment and showed willful and/or reckless disregard for Plaintiff's statutorily protected rights.

31. Defendant's actions described above directly and proximately have caused, and continue to cause, Plaintiff to suffer loss of income and other financial

benefits, a loss of future professional opportunities and future income, emotional distress, anguish, pain, and suffering.

### SEVENTH, EIGHTH, AND NINTH CAUSES OF ACTION
RETALIATION IN VIOLATION OF TITLE VII, 42 U.S.C. § 1981, AND NYCHRL

32. Plaintiff realleges and incorporates by reference all the preceding paragraphs.

33. By the acts and practices described above, defendant has unlawfully retaliated against Plaintiff because she engaged in protected activity—*i.e.*, complained about racial harassment and discrimination to HR, her union, and a state regulatory agency, which cost her promotions and her job.

34. Defendant knew that its actions constituted unlawful retaliation and showed willful and/or reckless disregard for Plaintiff's statutorily protected rights.

35. Defendant's actions described above directly and proximately have caused, and continue to cause, Plaintiff to suffer loss of income and other financial benefits, a loss of future professional opportunities and future income, emotional distress, anguish, pain, and suffering.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment:

A.  Declaring that the acts and practices complained of herein violate Title VII, 42 U.S.C. § 1981, and the New York City Human Rights Law;

B.  Directing defendants to pay Plaintiff back pay;

C.  Directing defendants to pay Plaintiff front pay;

D.  Directing defendants to pay Plaintiff pre-judgment interest;

E.  Directing defendant to pay Plaintiff compensatory and punitive damages;

F.    Awarding reasonable attorney's fees, costs, and expenses pursuant to 29 U.S.C. § 216(b), 42 U.S.C. § 2000e-5 (k), and New York City Admin. Code § 8-502 (f); and

G.    Awarding such other and further relief as this Court deems just and proper.

## **DEMAND FOR A JURY TRIAL**

Plaintiff hereby demands a trial by jury.

DATED:    June 11, 2013
New York, NY

**LAW OFFICE OF JOHN M. LAMBROS**

By: *[signature]*

John M. Lambros (JL1265)
40 Wall Street, Ste. 2809
New York, NY 10005
Telephone: (212) 430-6474
Facsimile: (212) 208-2933
John@Lambroslawfirm.com

9